UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20098-CIV-GOLD/DUBÉ

ROGELIO R. OLIVER,

    Petitioner,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Amended Writ of Mandamus filed by the Petitioner (D.E. #7) pursuant to an Order of Reference entered by the Honorable Alan S. Gold, United States District Judge.

### I. PROCEDURAL AND FACTUAL HISTORY

On January 11, 2008, the Petitioner, Rogelio R. Oliver (hereinafter "Oliver" or "Petitioner"), filed a thirteen count Petition for Writ of Mandamus (D.E. #1). Thereafter, on his own accord, Oliver filed a seventeen count Amended Writ of Mandamus (D.E. #7) (hereinafter "Amended Petition"). The Amended Petition alleges that the Respondent failed to fulfill the following non-discretionary duty or duties to the Petitioner:

    1)    Failure to make attorney's fees payment pursuant to 42 U.S.C. § 401;

    2)    Failure to issue Supplemental Security Income Benefits Notice of Award pursuant to 42 U.S.C. § 1381; and

    3)    Failure to address fee petition pursuant to 42 U.S.C. § 406(a) and 20 C.F.R. 404.1725.

Thereafter, on April 21, 2008, this Court issued an Order for Briefing regarding the Petitioner's Amended Writ of Mandamus. (D.E. #21). The Respondent filed a response to the Amended Writ (D.E. #22) and the Petitioner filed a reply. (D.E. #25). The parties both agree that all the attorney's fees owed to date have been paid and that the case should be dismissed.[1] The only remaining issue is whether an award of costs, as requested by the Petitioner should be awarded.

## II. LEGAL ANALYSIS

Mandamus is available as a remedy to a plaintiff if (1) he has exhausted all other avenues relief and (2) the defendant owes him a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616-17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Further, "[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhard, 327 F. 3d 1252, 1257. In the instant matter, the Petitioner has only managed to satisfy the second prong of this stringent standard set out by the Supreme Court. While the Petitioner has demonstrated that a nondiscretionary duty was in fact owed to him by the Respondent, he has failed to show or even allege that he had exhausted all remedies prior to the filing of this action.

As detailed above, all claims previously made have been satisfied, as such it is this Court's recommendation that the case be dismissed but that costs not be awarded as the Petitioner filed this action prematurely.

## III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is the recommendation of this Court that the case be dismissed and that the Petitioner's request for costs be denied. Accordingly, the Amended Writ of Mandamus filed

---

[1] On April 21, 2008 and April 30, 2008, this Court entered two Orders (D.E. #20, #26) granting the Petitioner's Motions to Strike all seventeen counts in this case (D.E. #8, #9, #10, #11, #12, #17, #18, #19, #23, #24).

by the Petitioner (D.E. #7) should be **DISMISSED** and this case CLOSED.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Alan S. Gold, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this \_\_\_\_1\_\_\_\_ day of May, 2008.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Alan S. Gold
Maureen Donlan, AUSA
Rogelio Ramon Oliver, Esq.